[Docket No. 6]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HEATHER GRANTHAM,<br><br>      Plaintiff,<br><br>      v.<br><br>TA OPERATING, LLC d/b/a TA PETRO; TRAVEL CENTERS OF AMERICA., INC.; JOHN DOES 1-5 and 6-10,<br><br>      Defendants. | Civil No. 20-1108 (RMB/KMW)<br><br>OPINION |

**APPEARANCES:**

COSTELLO & MAINS, LLC
By:  Daniel T. Silverman, Esq.
18000 Horizon Way, Suite 800
Mount Laurel, New Jersey 08054
        Counsel for Plaintiff

LITTLER MENDELSON, P.C.
By:  Eric A. Savage, Esq.
     Shareef M. Omar, Esq.
One Newark Center, 8th Floor
Newark, New Jersey 07012
        Counsel for Defendants


**BUMB**, UNITED STATES DISTRICT JUDGE:

    Plaintiff Heather Grantham brings this suit against her former employer, Defendants TA Operating, LLC d/b/a TA Petro and Travel Centers of America, Inc. (collectively "Defendants"), asserting claims under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq.

1

("FMLA"), and the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1 et seq. ("NJLAD").  Defendants presently move to compel arbitration.  For the reasons stated herein, Defendants' motion will be granted.

## I. FACTS

The Complaint alleges the following facts.  Defendants employed Plaintiff as a full-time cashier.  (Compl. ¶ 6)  Plaintiff suffers from "severe edema," which caused her to "miss work for an extended period of time" in April 2018. (Id. ¶ 10, 12)  Plaintiff was granted FMLA leave (Id. ¶ 13), although she does not allege how long that leave was.  Plaintiff further alleges that when she attempted to return to work in late July 2018, her manager told her the only available shifts were part time and weekend shifts, whereas "prior to taking FMLA leave, Plaintiff worked in excess of 40 hours a week." (Id. ¶ 16-21)  Thereafter, Plaintiff contacted another "employee" of Defendants who advised Plaintiff that "Plaintiff was no longer considered an employee of" Defendants.  (Id. ¶ 24)  The Complaint asserts five counts: (1) "disability discrimination under the LAD"; (2) "perception of disability discrimination under the LAD"; (3) "retaliation under the LAD"; (4) "FMLA Retaliation"; and (5) "FMLA Interference." (Id. at ¶ 35-44)

Relevant to the instant Motion, in February, 2016, when Plaintiff began her employment with Defendants, Plaintiff signed a document entitled "Mutual Agreement to Resolve Disputes and Arbitrate Claims." (Savage Cert. Ex. B).  The agreement undisputedly

requires Plaintiff to arbitrate "all claims . . . arising out of [Plaintiff's] employment or the termination of [Plaintiff's] employment . . . including, but not limited to, claims under . . . the Family Medical Leave Act . . . [and] state and local anti-discrimination laws." (Id.)

## II. MOTION TO COMPEL ARBITRATION STANDARD

Motions to compel arbitration are reviewed under the standard for summary judgment found in Federal Rule of Civil Procedure 56(a). Flintkote Company v. Aviva, 769 F.3d 215, 219 (3d Cir. 2014). Under this standard, "the motion should be granted where 'there is no genuine dispute as to any material fact and the movement is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)). In applying this standard, this Court must view the facts and draw inferences in the light most favorable to the nonmoving party "because the district court's order compelling arbitration is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate." Century Idem. Co. v. Certain Underwriters at Lloyd's London, 584 F.3d 513, 528 (3d Cir. 2009)(quotations and citations omitted).

## III. ANALYSIS

Defendants move to compel arbitration asserting that all of Plaintiff's claims are encompassed by the arbitration agreement, which Plaintiff undisputedly signed. In opposition, Plaintiff

3

asserts one argument: that the arbitration agreement is void as against the public policy of New Jersey.[1]

"Public policy eludes precise definition and may have diverse meanings in different contexts.  The sources of public policy include federal and state legislation and judicial decisions." Vasquez v. Glassboro Serv. Ass'n, Inc., 83 N.J. 86, 98 (1980) (internal citations omitted).  In this case, Plaintiff's evidence of New Jersey's public policy consists of a 2019 amendment to the NJLAD, which states, "[a] provision in any employment contract that waives any substantive or procedural right or remedy relating to a claim of discrimination, retaliation, or harassment shall be deemed against public policy and unenforceable."  N.J.S.A. 10:5-12:7(a). While Plaintiff concedes that the amendment itself does not apply to the agreement, Plaintiff nonetheless argues that the amendment codified New Jersey's pre-existing public policy against such arbitration agreements.  Thus, according to Plaintiff, public policy voids the arbitration clause.

---

[1] As the Court explored with the parties at oral argument on the motion, although the arbitration agreement contains a clause delegating to the arbitrator "[a]ll challenges to the interpretation or enforceability of any provision of this Agreement" (Savage Cert. Ex. B), whether an arbitration clause is void as against public policy is an issue for the Court-- rather than the arbitrator-- to decide because Plaintiff's argument challenges the arbitration agreement which also contains the delegation clause. See MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers Statewide Benefit Funds, 2020 WL 5509703 at *8 (3d Cir. Sept. 14, 2020) (holding that "when, as here, the container contract, whose formation or existence is being challenged, has a delegation provision empowering the arbitrator to decide whether an agreement exists," the Court, rather than the arbitrator, "decides the threshold issue.").

The Court disagrees.  Plaintiff's argument is undermined by the undisputed fact that the New Jersey Legislature expressly limited the amendment to prospective application only.  See 2018 N.J.S.N. 121, L. 2019, c. 39, § 6 ("[t]his act shall take effect immediately and shall apply to all contracts and agreements entered into, renewed, modified, or amended on or after the effective date."); see also Guirguess v. Pub. Serv. Elec. & Gas Co., 2019 WL 6713411 at *4 (App. Div. Dec. 10, 2019), cert. denied, 241 N.J. 148 (2020) ("The 2019 amendments to LAD apply only prospectively.")(citing L. 2019, c. 39, § 6).  Such a decision by the Legislature is inconsistent with a conclusion that prohibiting employers' use of arbitration clauses like the one at issue here was the public policy of New Jersey in 2016 when Plaintiff signed the agreement at issue.

Moreover, judicial decisions prior to the 2019 amendment unambiguously state that "all employees are free to waive rights provided under the LAD and agree to arbitrate employment disputes," Ackerman v. The Money Store, 321 N.J. Super. 308, 321 (Law. Div. 1998); see also Quigley v. KPMG Peat Marwick, LLP, 330 N.J. Super. 252, 265 (App. Div. 2000) ("'all employees are free to waive rights provided under the LAD and agree to arbitrate employment disputes'")(quoting Ackerman), further undermining Plaintiff's argument.  Thus, Plaintiff has not met her burden of demonstrating that New Jersey's public policy in 2016 disallowed agreements to arbitrate LAD claims.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Compel Arbitration will be granted. An appropriate Order shall issue on this date.


Dated: September 16, 2020          _s/ Renée Marie Bumb_____
                                   RENÉE MARIE BUMB
                                   UNITED STATES DISTRICT JUDGE